JAMES W. CHASE, Respondent, v. SARAH C. McLEAN *et al.*, Appellants.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*Vessels. Liability.*—The owners of a vessel are liable for money loaned for, and applied to, the necessary use of such vessel.

Appeal from judgment in favor of plaintiff, entered upon verdict, and from order refusing to set aside the verdict.

*Haley Fiske*, for appellants.

*Thomas J. Ritch, Jr.*, for respondent.

BARNARD, P. J.—This action was brought to recover for moneys advanced by the plaintiff to the defendants for the purpose of paying the expenses of running and supplying the vessel known as the bark Commerce.

The defendants are husband and wife, and the wife denied ownership in the vessel. The recorded title was in both defendants. A bill of sale was proven, signed by husband and wife and properly acknowledged. The defendant, David W. McLean, and the witness to the bill of sale, both testified that the signature of Sarah C. McLean was not genuine. The jury found otherwise and the finding was proper. The defendant, David W. McLean, was confronted with testimony in conflict with that given on the trial on this question. He had made an affidavit in conflict with his being the sole owner. The son apparently witnessed both signatures and the notary certifies that both personally appeared before him and acknowledged the bill of sale. The proof is

abundant that the husband was the general agent of the defendant in and about her affairs concerning her vessel property. The case, with the finding against the wife as to the title, became one of a loan by plaintiff to the defendants for the use of the bark.

The plaintiff had been the captain of the bark. On the 24th of December, 1887, the plaintiff and David W. McLean settled their accounts on account of the vessel, and there was due to the plaintiff $449.95. For the balance two notes were given, which are the notes stated in the complaint. The notes were not signed by the wife. The agreement was that David McLean should give his note with an endorser, one Peter S. Parker. The notes were really signed by J. S. Parker, who is said to be worthless. The fact is not proven, but if a deception was practiced as to the name it was fraudulent. The plaintiff, upon the discovery of this fraud, brought this action against both owners for the balance represented by the notes. The plaintiff gave evidence tending to show an actual loan of money to the extent of the two notes before the notes were given. Upon this state of facts the judge told the jury that the husband was liable and that the wife was liable if she was a joint owner with her husband. The charge was called for by the evidence, and it is not to be taken as a charge which ordered a verdict for the amount claimed. The issue between the plaintiff and the defendant, David W. McLean, had been stated to the jury before this remark was made. The plaintiff gave evidence tending to show a complete settlement. The defendant, D. W. McLean, stated that there was no balance due, and that the notes were given on a claim for wages. The charge is based upon a finding in favor of the plaintiff in this respect, that in such a case David W. McLean was liable but that the wife would not be unless she was found to be the owner. With the findings in favor of the plaintiff, the case shows that the plaintiff lent money to the captain of the bark for the necessary use of the same, and that the money was so

applied, and that both defendants were the owners of the bark. McCready *v.* Thorn, 51 N. Y. 454.

The judgment should, therefore, be affirmed, with costs.

DYKMAN, J., concurs.